UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT RAY FERGUSON, | Case No. 1:15-CV-00073-EJL-CWD |
| Plaintiff, | **ORDER ON REPORT AND RECOMMENDATION** |
| v. | |
| DR. DAVID AGLER and DR. MURRAY YOUNG, | |
| Defendants. | |

# INTRODUCTION

On June 15, 2016, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that the Defendants' Motions for Summary Judgment be granted. (Dkt. 36.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Plaintiff in this case has filed written objections to which the Defendants have

ORDER ON REPORT AND RECOMMENDATION - 1

responded. (Dkt. 38, 39, 40.)[1] The matter is ripe for the Court's consideration. *See* Local Civ. R. 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed, the district court need not conduct a *de novo* review. The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) stating:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise…."to the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citations omitted); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the

---

[1] In his objections, Plaintiff cites to Rule 60(b) which applies to Motions for Reconsideration. Because the Magistrate Judge issued the Report under § 636(b)(1), this Court will treat the Plaintiff's submissions as objections to the Report and has reviewed the objected to portions of the Report and record *de novo*. Regardless, the outcome would be the same under Rule 60(b).

ORDER ON REPORT AND RECOMMENDATION - 2

Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## DISCUSSION

The complete procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. Plaintiff initiated this action by filing his Complaint against the Defendants raising claims under 42 U.S.C. § 1983 alleging violation of Plaintiff's Eighth Amendment rights and state law claims of medical negligence. (Dkt. 3.) In general, the claims allege the Defendants were deliberately indifferent and medically negligent in addressing the Plaintiffs serious medical needs concerning his hip pain. (Dkt. 3.) Defendants filed the instant Motions for Summary Judgment which the Report recommends granting. (Dkt. 26, 28.)

This Court has reviewed the original briefing of the parties, the Report, Plaintiff's objections and materials, and the Defendants' responses as well as the entire record herein. In doing so, the Court is mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary *pro se* litigant, like other litigants, must comply strictly with the

summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

Applying these principles here, this Court has reviewed the entire Report as well as the full record in this matter for clear error on the face of the record and none has been found. Further, the Court has reviewed the objected portions of the Report *de novo* and finds as follows.

In his objections, Plaintiff has filed several pages of notes he personally recorded during 2012-2016 regarding his medical care received from Defendants and Idaho Department of Correction offender concern forms and grievance forms dating back to March of 2013 and continuing into 2015. (Dkt. 38.) These materials reference two incidents where Plaintiff slipped and fell while at the jail resulting in his hip, neck, and back pain. (Dkt. 38.) Plaintiff's notes and records reflect the Plaintiff's reports regarding his hip pain and complaints concerning his care. (Dkt. 38-1, 38-2.) Notably in these materials the Plaintiff represents he had hip surgery in mid-April of 2016; a fact that the Report states was unknown. (Dkt. 36 at 11 n. 3) (Dkt. 38.) Plaintiff further alleges that following his surgery he was again placed in Dr. Agler's care which he argues was deliberately indifferent. (Dkt. 38 at 9.) Attached to Plaintiff's objections are additional records including: reports from Intermountain Medical Imaging, Dr. Roman Schwartsman's recommendation for hip surgery, and Dr. Alex Homaechevarria's recommendation for an intraarticular steroid injection. (Dkt. 38-2.) Defendants challenge this newly filed material as being untimely and improperly raising new allegations not

ORDER ON REPORT AND RECOMMENDATION - 4

made in his Complaint concerning his care following his hip replacement surgery. (Dkt. 39, 40.) Regardless of these new materials, Defendants maintain the Report is correct.

This Court finds the Plaintiff's new allegations concerning Dr. Agler's care post-surgery are untimely and cannot be properly raised in his objections to the Report.[2] Even if the Court considered the new claims, however, summary judgment would still be proper. The allegations concerning Dr. Agler's post-surgery care are made based on Plaintiff's own Affidavit and notes as well as his offender concern forms. (Dkt. 38-1, 38-2, 38-3, Aff. Ferguson.) Defendant Agler has responded with records relating to his post-surgical care of the Plaintiff while in the Idaho State Correctional Institution's infirmary. (Dkt. 39-2, 39-3.) Considering the materials filed by both parties regarding the Plaintiff's post-surgical care, the Court concludes the materials show only a difference in judgment between Plaintiff and Defendant regarding the appropriate medical treatment which is insufficient to establish a claim for deliberate indifference and/or medical negligence. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 10151, 1058 (9th Cir. 2004); Idaho Code § 6-1013.[3] Therefore, there is no question of fact

---

[2] Further, these materials are not "newly discovered evidence" under Rule 60(b) as the documents all existed prior to the conclusion of the summary judgment briefing and the issuance of the Report. *See School Dist. No. 1J, Multnomah Cnty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[3] In making this ruling, this Court incorporates the legal standards applicable to the Plaintiff's § 1983 and state law claims as stated in the Report which have not been contested by either side. (Dkt. 36.)

ORDER ON REPORT AND RECOMMENDATION - 5

presented based on the post-surgery care allegations and summary judgment is appropriate.

As to Plaintiff's objection to the Report regarding his care prior to his surgery, the Court finds the Plaintiff's objection materials and arguments are the same or consistent with the record that was before the Magistrate Judge. (compare Dkt. 3 and Dkt. 38.) Some of the documents attached to Plaintiff's objections are duplicates of the same documents attached to the Complaint. Other documents are newly submitted but do not provide any new information. Having reviewed the record *de novo*, this Court finds Plaintiff has failed to provide evidence of deliberate indifference and/or that his medical care was outside of the applicable standard of practice. (Dkt. 36.)

Having considered Plaintiff's objecting materials and the underlying record in this matter *de novo*, this Court is in agreement with the Report's recitation of the facts, discussion of the applicable law, analysis, reasoning, and conclusion finding that the Plaintiff has not provided evidence to show a genuine issue of material fact exists as to whether the course of treatment provided by the Defendants was medically unacceptable/negligent under the circumstances or chosen in conscious disregard of an excessive risk to the Plaintiff's health. (Dkt. 36.) For these reasons, the Court will adopt the Report and grant the Motion for Summary Judgment.

ORDER ON REPORT AND RECOMMENDATION - 6

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered June 15, 2016 (Dkt. 36) is ADOPTED IN ITS ENTIRETY and the Defendants' Motions for Summary Judgment (Dkt. 26, 28) are **GRANTED**.

DATED: October 13, 2016

_____
Edward J. Lodge
United States District Judge